# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cr-00018-TWP-VTW |
| NORMAN MUNDY, | ) ) ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S
## MOTION FOR DETENTION HEARING

This matter is before the Court on Defendant Norman Mundy's ("Mundy") Motion for Detention Hearing (Filing No. 26) in which he moved to reopen the Pretrial Detention Order issued by the Magistrate Judge on June 7, 2019 (Filing No. 18 and Filing No. 19). In his Motion, Mundy asks the Court to revisit his detention status because the Magistrate Judge mistakenly considered someone else's conviction when reviewing Mundy's criminal history. For the reasons stated below, a hearing was **granted**, but the request for release is **denied**.

## I. FINDINGS OF FACT

On May 23, 2019, an Indictment was filed which charged Mundy with Possession with Intent to Distribute and to Distribute 50 grams or more of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846. This felony drug offense carries a maximum sentence of forty years' imprisonment and a statutory mandatory minimum sentence of five years' imprisonment.

On June 6, 2019, a detention hearing was held before the Magistrate Judge. Mundy, represented by counsel, was advised of his right to pretrial release under terms and conditions to ensure his appearance for trial. The Government orally motioned for Mundy's detention pursuant

to 18 U.S.C. § 3142(f). The Pretrial Services Report ("PS3"), prepared by a Probation Officer, was admitted into evidence without objection. The PS3 indicated that Mundy is unemployed, has daily methamphetamine use, a mental health history and has failed to appear in court when ordered to do so. The PS3 also stated that Mundy had a July 6, 2004 felony conviction for Conspiracy to Distribute Marijuana in federal court in which two separate violations were filed on supervised release. The PS3 further reported a 2016 arrest for felony possession of methamphetamine, and a misdemeanor conviction for possessions of paraphernalia. Mundy scored a Category 4 on a pretrial risk assessment, indicating a relatively high risk of flight and/or danger to the community.

The Government noted that Mundy was allegedly in possession of over 170 grams of crystal methamphetamine, along with digital scales, to support its contention that the case against Mundy was strong. The Government asserted, based on information provided in the PS3, that Mundy's 2004 felony conviction and 2016 conviction were reasons for detention. In particular, the Government argued "[m]ost notably, his most recent conviction was possession of methamphetamine as a felony. He was placed on probation, and that probation was revoked. Your honor, in total, the defendant has had four violations of probation." This statement was not accurate. Unfortunately, neither Mundy nor his counsel challenged this argument or offered any correction to the PS3.

At the conclusion of argument, the Magistrate Judge issued an order of detention pending trial finding that a rebuttable presumption for detention arises under 18 USC 3142(E)(3) and Mundy has not introduced sufficient evidence to rebut that presumption. (Filing No. 19 at 1.) The Magistrate Judge found by a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Mundy's presence as required or safety to the

community, based on the weight of evidence against him being strong, the lengthy period of incarceration if convicted, prior criminal history, alcohol and substance abuse history; lack of stable employment and prior failures to appear in court. *Id*. at 2-3.

Mundy petitions for a new hearing asserting that an error in his criminal history reflected in the PS3 warrants his release. He disputes that he was convicted of "possession of methamphetamine, a felony, and two possessions of paraphernalia, a misdemeanor" and asserts that Michael Stevens, his former brother-in-law, was the person arrested and convicted of this crime. (*See* [Filing No. 26 at 1](#).) A hearing was held on August 7, 2019 in which Mundy's counsel and the Government's attorney presented argument. The Court heard testimony from witness Special Agent Paul Meyer regarding the weight of the evidence against Mundy. The Government concedes the error in the PS3.

## II. CONCLUSIONS OF LAW

The procedures governing detention hearings are set forth in the Bail Reform Act, 18 U.S.C. §3142, *et. seq*. Upon motion by the government in a case where a defendant is eligible for detention, the court must hold a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. §3142(f). In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the court must consider the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

Pursuant to 18 U.S.C. § 3142(f) "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officers finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

### III. **ORDER**

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Mundy's character, his family ties, employment, financial resources, community ties, mental health and substance abuse history, past conduct, criminal history and the record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A).

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the appearance of the defendant, the Government bears the burden of proof

4

by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Leibowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

The standard for pretrial detention is "reasonable assurance"; a court may not order pretrial detention when there is no condition or combination of conditions which would guarantee the defendant's appearance or the safety of the community. *Portes*, 786 F.2d at 764 n. 7. If at the conclusion of the hearing the court determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the defendant must be detained pending trial. *Id.*, §3142(e) and (f).

The hearing clearly should be reopened, because the Magistrate Judge was not aware of the error in the PS3 and that information reasonably had a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

At the August 7, 2019 hearing, Mundy argued that he did not sustain a prior felony conviction for possession of methamphetamine and/or paraphernalia, or the two violations of probation associated with that case. The Government concedes that the PS3 report erroneously credited Mundy with the 2016 felony arrest for Possession of Methamphetamine and misdemeanor conviction for Possession of Paraphernalia (Floyd County Superior Court, Case No 22D02-1607-

F6-1491), as listed in his PS3 report. Accordingly, the Magistrate Judge should not have considered this evidence in its determination regarding detention.

The Court agrees that the mistakenly reported arrest and conviction and the probation violations should not have been considered; however, even without considering the 2016 arrest and conviction and two probation violations, the Government has proffered sufficient basis for the detainment of Mundy and has shown that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The factors supporting this conclusion are the charges in the Indictment, which reflect Mundy's involvement in methamphetamine trafficking and the testimony of Special Agent Meyer. The statutory penalty for the drug offense charged is five to 40 years of imprisonment. The parties agree that a presumption for detention exists. The Court takes judicial notice of the Indictment and all documents filed in this case, and incorporates the evidence, exhibits and argument presented in prior hearings and finds that the weight of evidence against Mundy is strong. The PS3 and proffered evidence regarding Mundy indicate that he was not employed at the time of his arrest, he has a history of substance abuse (daily methamphetamine user), history of mental illness (anxiety and mood disorder) and a prior federal conviction for conspiracy to distribute in excess of 1,000 kilograms of marijuana. Mundy has failed to appear in court when ordered to do so (albeit 20 years ago) and violated probation on two occasions in 2006. The probation officer confirmed that Mundy's risk assessment score remains level 4, even with removal of the erroneous criminal history data.

The Court having weighed the evidence regarding the factors found in 18 U.S.C. § 3142(g), and based upon the totality of evidence set forth above, finds that the Government has shown by clear and convincing evidence that Mundy is a danger to others and the community. The Court

concludes that Mundy is not a serious risk of flight. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Mundy's release poses a danger to the community.

For the reasons stated above, Mundy's Motion for Detention Hearing (Filing No. 26) is **GRANTED**, so far as a detention hearing has been held; however, the request for release is **DENIED**. Mundy is remanded to the custody of the United States Marshal pending disposition of this matter.

**SO ORDERED.**

Date: 8/8/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stanley E. Robison , Jr
flyfish@stanleyrobison.com

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE
lauren.wheatley@usdoj.gov